SAMUEL C. BOWER ET AL. v. JOSEPH KELBAUGH ET AL.

*Assignment of Mortgage—Notice—Recording Law.*

On an issue as to whether an attorney, who assigned a mortgage made to him, had authority from the assignee to receive payment of the principal of the mortgage, *held* that such authority was not shown.                                    p. 366

Under Code, art. 66, sec. 25, providing that the title to all promissory notes or debts, secured by mortgage, shall be conclusively presumed to be vested in the person or persons holding the record title to the mortgage, if mortgagors, in ignorance of an assignment of the mortgage, which has been duly recorded, pay the original mortgagee the interest and the principal, and the mortgagee dies without turning the money so paid over to the assignee, the mortgagors, and not the assignee, must bear the loss.                                    pp. 367, 368

*Decided February 11th, 1925.*

Appeal from the Circuit Court for Washington County, In Equity, (WAGAMAN, J.).

Bill by Joseph Kelbaugh and wife and Samuel H. Wheeler
and wife, against Samuel C. Bower and Garland E. Groh, to
restrain the foreclosure of a mortgage and to obtain a decree
for its release. From a decree for plaintiffs, defendants ap-
peal. Reversed.

The cause was argued before Bond, C. J., Pattison,
Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*Garland E. Groh* and *Robert H. McCauley,* for the appel-
lants.

*Joseph H. Wolfinger* and *Henry H. Keedy, Jr.,* with
whom were *Scott M. Wolfinger, William P. Lane, Jr.,* and
*Elias B. Hartle* on the brief, for the appellees.

Bond, C. J., delivered the opinion of the Court.

The question in this case is: When, after a mortgagee has
assigned the mortgage, the mortgagors in ignorance of it con-
tinue paying him interest, and, finally, pay him the principal,
and he dies without turning the money so paid over to the
assignee, who as between mortgagors and assignee shall bear
the loss?

Albert J. Long, an attorney, lent two thousand dollars for
Samuel C. Bower to Kelbaugh and wife on the security of
a mortgage of land which Long was selling them, and imme-
diately assigned the mortgage to Bower, and delivered the
paper to him. The assignment was duly recorded in the land
records. During the next month, Kelbaugh and wife paid
one hundred dollars of the principal to Long, and from time
to time paid interest, until they sold the land to Wheeler
and wife on August 21st, 1920. The Bank of Brunswick, of
Brunswick, Maryland, which lent to Wheeler and wife the
money for the purchase, had Long, as its attorney, prepare
the deed and the new mortgage, and as a step in the settle-
ment paid off all the remaining principal on the outstanding
mortgage to Long. Long reported to the mortgagors that the
old mortgage had been released, but it was not released. The

evidence shows 'that it was, during all this time, in Bower's hands. Up to that time Long had turned over to Bower all the interest paid except one item, but he failed to turn over any of the principal, and he continued paying Bower money for interest for nearly two years after the mortgage had been paid off as stated. Long·died in 1923. Bower then assigned his mortgage to Garland E. Groh for foreclosure and collection, but when foreclosure proceedings were instituted the present bill was filed by Kelbaugh and wife and Wheeler and wife praying for an injunction to restrain the foreclosure, and for a decree for the release of the mortgage. And after evidence had been taken the court below signed a decree for the relief prayed. The appeal is from that decree.

The evidence showed that the mortgagors had no actual knowledge of the assignment. No one on their behalf examined the land records, they had no contact with Bower; and Long in his conversation with them referred to it as his mortgage, and to the money as due to himself. Witnesses were examined as to possible authority from Bower to Long to act as Bower's agent to receive payments of principal for him, but the evidence, in our opinion, falls far short of being sufficient to prove the authority. And the court below did not rest its decision on that ground. The evidence on the point is, briefly, this. The administrator of Long, Mr. J. O. Snyder, and another attorney, Mr. Wolfinger, testified that when, after Long's death, Bower called to inquire about his mortgage and was shown the entries of payments in Long's books, Bower said he had asked Long to collect the money, but had not told him to release the mortgage. Bower's testimony is that he had had three or four mortgage transactions through Long as attorney, that he always kept his own mortgages, and that in every previous instance when a mortgage was to be paid off Long had notified him to come in, and he had come in with the mortgage, received payment and executed a release. This particular transaction originated, he said, in Long's coming to him for a loan of three thousand dollars to another borrower, Miller Brothers. Having had a satisfactory experience with Miller Brothers previously,

Bower gave the money to Long, but when he called for his mortgage Long told him only one thousand dollars had been taken by Miller Brothers, and the remaining two thousand dollars had been loaned to Kelbaugh and wife. The latter loan was unauthorized, but Bower took the mortgage. And he had not, he said, asked Long to collect the interest, but the mortgagors had sent it to Long and the latter gave the witness his check for it. The only authority he had ever given, or attempted to give, to Long to collect any part of the principal was in 1922 (after the mortgage had been, in fact, paid off), when the witness wanted the money to start another man at work on a farm. Long then replied that he could not obtain payment. The defendant testified in a manner that seems to us, as we read the testimony, straightforward and without effort to build up a case. Only a few main facts are clear in his mind, but one of them is that he was taking care of his own affairs and had delegated no authority to Long.

On the whole evidence it seems manifest that the mortgagors had no actual knowledge of Bower's interest in the mortgage, and that Bower had not given any authority to Long to collect the money and release the mortgage. The question in the case is, then, one of general legal principles: Which of two possible innocent losers on the one side or the other is by law charged with the duty of putting the mortgagors on guard against paying to the wrong person after assignment, the mortgagors themselves or the assignee? The authorities are not unanimous in their answers to this question. The answer is to be found in the recording statutes, including, in Maryland, a provision, section 25 of article 66 of the Code, which directs the mortgagor to the record as showing conclusively the ownership of the mortgage debt. The learned court below reviewed the statutes and the decisions then before him carefully and cogently presented the view that the assignee is charged with warning the mortgagors. It was with this view that the decree was given for the complainants. But the question has now been decided by this Court, adversely to that view, in *Churchville Circuit of Methodist Episcopal Church v. McNabb,* 145 Md. 105. In

that case the Churchville Circuit had secured a loan from one Whitaker and had executed a mortgage to him. Whitaker was a director of the Forest Hill State Bank, and in turn secured the money from the bank and accordingly assigned the mortgage to it. The assignment was recorded at once. But the Churchville Circuit in ignorance of the assignment subsequently paid more than two-thirds of the principal to Whitaker; and Whitaker failed to pay over to the bank. When the bank, on default, proceeded to foreclose, the mortgagor applied for an injunction and release of mortgage as in this case. This Court, upholding the decision of the lower court, held that the mortgagor was bound by the record with constructive notice of the assignment, and that because of this the assignee was not affected by payments to the assignor made in ignorance of it. The bill of complaint was therefore held properly dismissed. The case was so closely similar to the present one that it obviates the necessity of further discussion. The precise question was decided against the contention of the complainant here, and it requires a reversal of the decree in his favor.

> *Decree reversed, and bill dismissed, with costs to the appellant.*