NATHAN J. CADE ᴇᴛ ᴀʟ. *v.* MYRTLE DUKES ᴇᴛ ᴀʟ.
[No. 18, January Term, 1929.]

*Decided March 20th, 1929.*

The cause was argued before Bᴏɴᴅ, C. J., Uʀɴᴇʀ, Aᴅ-
ᴋɪɴs, Oғғᴜᴛᴛ, Dɪɢɢᴇs, Pᴀʀᴋᴇ, and Sʟᴏᴀɴ, JJ.

*J. Owen Knotts,* for the appellants.

*Henry R. Lewis,* for the appellees.

Uʀɴᴇʀ, J., delivered the opinion of the Court.

The appellants, on January 3rd, 1921, executed a mort-
gage for $3,000 on real estate in Caroline County. The
mortgage was filed for public record within a few days after
its execution. It was transferred by the mortgagee to one
of the appellees by an assignment written on the mortgage
and dated January 20th, 1921. The assignment was also

recorded, but the time of its receipt by the clerk for that purpose, or of its entry on the land records, does not appear from any documentary or other evidence. In ignorance of the assignment, the mortgagors paid to the original mortgagee the interest on the mortgage accruing semi-annually from the date of its execution until June 3rd, 1926, and also $1,200 on account of the principal. It was not until 1927 that the mortgagors learned of the assignment. Interest on the mortgage was regularly paid by the mortgagee to his assignee, but he failed to account for the principal payments which he received. In this suit by the mortgagors to effect a redemption of the mortgage upon payment of $1,800 and interest, the question is whether they are entitled to credit for the amounts paid on the principal to the mortgagee after his assignment of the mortgage.

There is no evidence in the record tending to prove any agency on the part of the mortgagee for the assignee of the mortgage with respect to the receipt of interest or other payments. In the absence of such proof the case is subject to the rule applied in *Methodist Episcopal Church v. MacNabb,* 145 Md. 105, and *Bower v. Kelbaugh,* 147 Md. 364, if the payments which the mortgagee accepted and retained were made after the assignment was duly recorded. In those cases payments were made by mortgagors to the original mortgagee without actual knowledge that the mortgages had been assigned. But, as the assignments had been entered on the public land records before the payments were made, it was held that, because of the constructive notice thus afforded to the mortgagors, the loss resulting from the misappropriation of the payments by the recipients should be borne by the mortgagors rather than by the assignees, who were equally innocent. The only difficulty in the present case arises from the fact that we have no evidence as to the time when the assignment was filed for registration. Neither the transcript of the mortgage as recorded, nor the original instrument produced at the argument, bears any notation by the clerk from which the time of the filing or of the recording of the assignment can be ascertained. There is no pre-

sumption upon the basis of which the problem can be solved. The right of the assignee to be exempted from the effect of the payments for which the appellants claim credit depends upon an alleged prior recording of the assignment by which the right of the mortgagee to receive the payments was terminated. That is a fact to be proved and not to be assumed. As the assignment of the mortgage was actually recorded, the time of its registration should be susceptible of proof, and the case will be remanded in order that the parties may have a further opportunity to offer evidence on that subject. The issue will then be determinable in accordance with the facts thus proved and with the principle of the cases we have cited.

> *Decree reversed with costs, and case remanded for further proceedings in conformity with this opinion.*