CLARENCE A. SENNETT ET AL. *v.* A. GERTRUDE TAYLOR ET AL.

[No. 25, January Term, 1929.]

*Decided March 21st, 1929.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*T. Alan Goldsborough,* for the appellants.

*James T. Earle* and *Edwin H. Brown, Jr.,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

On July 16th, 1924, Clarence A. Sennett and Bertha R. Sennett, his wife, the appellants, executed a mortgage to Harvey L. Cooper to secure the payment of $2,000, which, by assignment dated and recorded August 2nd, 1924, was assigned by Cooper to A. Gertrude Taylor, appellee, and the same day the mortgage so assigned was mailed to her. On October 3rd, 1925, Cooper mailed her a renewal of the insurance policy. The record does not show whether she had a policy before this date, but she testified that she always kept her own "insurance papers." This mortgage was made up by $700 derived from another mortgage which one William H. Anthony had paid to Mr. Cooper, and $1,300 which Mrs. Taylor had paid to Mr. Cooper, after he had advised her that he had this mortgage, and Mrs. Taylor had inspected the property and satisfied herself of the value of the security.

From the time of the execution of the mortgage down to the 20th day of August, 1926, Cooper regularly mailed to Mrs. Taylor each six months a check for $60 in payment of the interest on the mortgage. In the meantime the Sennetts had paid to Harvey L. Cooper on January 31st, 1925, $200 on account of the principal and, on November 18th, 1926, the further sum of $1,000, leaving $800 of the principal unpaid. The evidence is uncontradicted that Mrs. Taylor knew nothing about the payments on account of principal, and the Sennetts did not know that the mortgage had been assigned to Mrs. Taylor until in the month of December, 1926, when Mrs. Taylor, together with her husband, David Taylor, drove to the home of the appellants, and then and

there notified them that she was the owner of the mortgage, and the appellants state in their bill that up to that time they "had no knowledge of any kind or character from any source that the said Harvey L. Cooper was not the absolute and unconditional owner of the said mortgage."

The mortgage was assigned by Mrs. Taylor to James T. Earle on November 30th, 1927, for foreclosure and collection, and, upon proceedings being instituted for the collection of the entire mortgage debt and interest thereon, the appellants filed a bill for injunction to restrain Mrs. Taylor and Mr. Earle from foreclosing. On the order passed thereon the writ of injunction was issued, and it is from the decree of the Circuit Court for Caroline County dismissing the bill and dissolving the injunction that this appeal is taken.

The appellants contend that Mr. Cooper was the agent of Mrs. Taylor and that payment to him on account of principal and interest was payment to her, and they rely for this contention upon an admission, testified to by the appellants and a Mr. Ferguson, at the time of the visit of Mr. and Mrs. Taylor to the home of the appellants in December, 1926. Mr. Sennett testified that Mrs. Taylor said concerning the payments made on account of the mortgage, "Yes, I gave Mr. Cooper that authority." Mrs. Sennett testified to the statement, "Well, I gave him that authority"; and Mr. Ferguson testified that Mrs. Taylor said: "Yes, I remember now giving him that authority," and "they went on talking, and then Mrs. Taylor said she asked Mr. Cooper why Mr. Sennett had not paid anything on the mortgage and she said that Mr. Cooper had told her that they were getting along pretty good and had bought a new truck and had fixed the outbuildings up and kept them in repair." Mr. and Mrs. Taylor both deny that any such statement was made.

In the case of *Churchville Circuit v. MacNabb,* 145 Md. 105, the contention was made that Whitaker, to whom a mortgage had been made and by whom it was assigned, was the agent of the assignee, and this court there held that there was no evidence in the case "to show that Whitaker had either

actual or apparent authority from the bank (assignee) to collect any part of the mortgage debt, or that the bank had any reason to believe that Whitaker was holding himself out as the agent of the bank." From this quotation it appears that, if the agency had been proved, the mortgagor would have been credited with the payments on account of principal paid to Whitaker, even though the mortgagor had not been aware of the assignment of the mortgage by him to the bank.

The appellants rely, as we have said, for proof of Cooper's agency, upon the alleged admissions of Mrs. Taylor, and they cannot, in view of the seriousness of the consequences to them, be said to be disinterested witnesses. They are supported by one William Ferguson, who testified that he was living at the appellant's house at the time "and spent the winter there."

This testimony we think insufficient to meet the burden, which the appellants assumed, of showing any authority from Mrs. Taylor to Cooper to bind her. To entitle one to a release of a mortgage because of payments made to an ostensible owner, the proof that he was in fact the agent of an assignee, whose title was of record, ought to be clear and convincing. Compare *Brager v. Levy,* 122 Md. 554; *Mechem on Agency* (2nd Ed.) sec. 932.

There was much the same evidence in the cases of *Churchville Circuit v. MacNabb, supra,* and *Bower v. Kelbaugh,* 147 Md. 364, as in this case. In those cases the ostensible principals received the interest and payments on the mortgage debts, and the true principals accepted the interest, and it was there held that an agency could not be inferred from such conduct. And in *Churchville Circuit v. MacNabb* it was held that the mere acceptance of the interest from the one with whom the mortgagor dealt does not tend to establish his authority to collect it as the agent of the assignee, nor amount to a ratification of such agency. The question, as stated in *Bower v. Kelbaugh,* is which of two possible innocent losers on the one side or the other is by law charged with the duty to the mortgagor of guarding against paying to the wrong person after assignment, the mortgagors themselves or the assignee.

*Hall v. Hinks,* 21 Md. 406, 418; *Brown v. Howard Fire Ins. Co.,* 42 Md. 384, 392; *Bigelow on Estoppel,* (5th Ed.) 688. The authorities are not unanimous in their answers to this question. The answer is to be found in the recording statutes, including in Maryland a provision, section 25 of article 66 of the Code, which directs the mortgagor to the record as showing conclusively the ownership of the mortgage debt; this section saying, "The title to all promissory notes and other instruments hereafter made, and debts hereafter contracted, secured by mortgage or deeds in the nature of a mortgage, shall both before and after the maturity of such notes, other instruments or debts, be conclusively presumed to be vested in the person * * * holding the record title to such mortgage or deed in the nature of a mortgage." By this act the appellants were on notice, and in law are presumed to have known, from the 2nd day of August, 1924, that Mrs. E. Gertrude Taylor was the owner of this mortgage. Nevertheless, in the face of this knowledge, which the law says the appellants had, they paid the interest and $1,200 on account of the principal of their mortgage debt to Harvey L. Cooper, in the belief that he was the owner of the mortgage and entitled to receive their money. They did not even deal with one whom they supposed to be the agent of the principal.

For the reason that this case presents conditions so similar to the facts in *Churchville Circuit v. MacNabb* and *Bower v. Kelbaugh, supra,* it is our opinion that the injunction granted by the Circuit Court for Caroline County was properly dissolved and the bill dismissed.

*Decree affirmed, with costs to the appellees.*